This bill is approved in its entirety by the trial judge.

It is unfortunate that one accused of crime and who is followed by the presumption of innocence until the verdict of the jury is announced should be deprived of his right to a fair argument and presentation of his case to the jury by the character of address shown by the above bill of exceptions. It is regrettable that the state has to pay the added expense of another trial made necessary by a speech to the jury which is so wholly violative of the rules. This court has often admonished prosecuting attorneys of the impropriety of such remarks, and again calls attention to the fact that it is not necessary in order to get juries of this state to convict in proper cases, to resort to abuse and vilification of a prisoner who must, perforce, sit helpless and mute, except as his counsel may protest and the courts rebuke. Crawford v. State, 15 Tex. App. 501; Ricks v. State, 19 Tex. App. 308; Coyle v. State, 31 Tex. Cr. R. 604, 21 S. W. 765; Patterson v. State, 60 S. W. 560; Bishop v. State, 72 Tex. Cr. R. 1, 160 S. W. 705, Ann. Cas. 1916E, 379; Parks v. State, 35 Tex. Cr. R. 378, 33 S. W. 872.

For the error in the character of argument, the judgment is reversed, and the cause remanded.

---

BROWN v. STATE.    (No. 5350.)

(Court of Criminal Appeals of Texas.   May 7, 1919.)

1. CRIMINAL LAW ⟷1097(4) — ABSENCE OF STATEMENT OF FACTS.

In absence of statement of facts, it cannot be determined whether bill of exceptions relating to exclusion of evidence is meritorious or not.

2. CRIMINAL LAW ⟷1144(13) — ABSENCE OF STATEMENT OF FACTS—PRESUMPTIONS.

The evidence not having been brought up for review by statement of facts, the presumption is that it supports the verdict.

Appeal from District Court, Gregg County; Daniel Walker, Judge.

Crouse Brown was convicted of burglary, and appeals. Affirmed.

E. A. Berry, Asst. Atty. Gen., for the State.

MORROW, J. The appeal is from a conviction for burglary.

[1, 2] We find no statement of facts, in the absence of which we are not in position to determine whether the bill of exceptions relating to the exclusion of evidence is meritorious or not. The evidence not having been brought up for review, the presumption is indulged that it supports the verdict.

The judgment is affirmed.